U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ
2014 JUN 10 PM 4:08
JAMES J. WALDRON
BY:_____
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Louis Frank Avolio, Debtor | Case No.: 13-11282-ABA |
| FRT 2011-1 Trust, Plaintiff<br><br>v.<br><br>Louis Avolio, Defendant | Adv. Pro. No. 13-1479-ABA |
| FRT 2011-1 Trust, Plaintiff<br><br>v.<br><br>Gibraltar Financial Services, Defendant | Adv. Pro. No. 13-1933-ABA<br><br>jointly consolidated |

## MEMORANDUM OPINION

Before the court are the debtor/defendant's motion to dismiss this adversary proceeding and the plaintiff's cross motion for sanctions. The *pro se* debtor, Louis Avolio, alleges that the Plaintiff, FRT 2011-1 Trust ("FRT"), failed to respond to interrogatories by the date set by the court with a sanction of dismissal with prejudice for noncompliance. Alternatively, he seeks dismissal of the adversary proceeding arguing that FRT's responses were deficient, and as such, should be treated as a failure to respond.

FRT opposes this relief, and cross-moves the court for sanctions under Federal Rule of Bankruptcy Procedure 9011 against Mr. Avolio for failure to comply with the safe harbor provisions of Federal Rule of Civil Procedure 37 made applicable to this adversary proceeding through Federal Rule of Bankruptcy Procedure 7037.

After a hearing held, at which both parties as well as counsel for Gibraltar Financial Services ("Gibraltar") attended, the court took the matter under advisement.

## I. Procedural History/Findings of Facts

In this adversary proceeding, filed on May 14, 2013, FRT seeks nondischargeability of its claim against Mr. Avolio stemming from the execution of a mortgage loan. A separate adversary proceeding filed by FRT against Gibraltar, seeking a determination of the validity, priority or extent of Gibraltar's lien, was consolidated with this proceeding by order dated December 6, 2013.

At the first pretrial hearing, held on September 17, 2013, the Hon. Judith H. Wizmur,[1] noted that the status of discovery proceedings was needed, and adjourned the hearing to October 28, 2013. Counsel for FRT did not appear at the October 28th hearing however, so it was adjourned to November 26, 2013. At the November hearing, Judge Wizmur requested that a scheduling order be submitted.

On December 20, 2013, Judge Wizmur entered a Joint Order Scheduling Pretrial Proceedings and Trial. This order directed that all written discovery be completed by January 20, 2014, with any motions to compel discovery made and the discovery obtained prior to March 20, 2014. Trial was set for June 4, 2014. Thereafter, on January 16, 2014, Judge Wizmur held a telephone conference call with the parties. By order dated January 23, 2014, the court extended the written discovery deadline to March 10, 2014, but kept all other deadlines intact.

---

[1] On May 16, 2014, Judge Wizmur retired from the bench. As a result, this is the first time this court has been involved in this matter.

On February 20, 2014, Mr. Avolio filed a motion for discovery sanctions. Therein he alleged that he had sent interrogatories to FRT's attorneys, Zucker Goldberg & Ackerman, on December 20, 2013 but had not received any response. He had noted this during the January 16th telephone conference, and the firm stated that it would look for the discovery package. Having heard nothing, he contacted the firm on February 11, 2014, with an answer on February 12th that it had not located the package. He accordingly requested sanctions against the firm for its dilatory conduct.

On March 28, 2014, Judge Wizmur resolved Mr. Avolio's motion in part with an amended pretrial order (the "March 28 Order"), extending discovery deadlines and moving trial to August 6, 2014. But Judge Wizmur also included in the March 28 Order the directive that is at the center of the instant motions before this court, as follows:

> Dr. Avolio will forthwith forward another set of interrogatories to Ms. Carlin. The deadline to answer those interrogatories is April 25, 2014. If the answers are not timely provided, the complaint for Adversary Proceeding No. 13-1479 will be dismissed with prejudice.

*See* March 28 Order, Doc. No. 17, ¶ 1. A review of the transcript from the hearing in this matter on March 28, 2014 reveals in several places that if the interrogatories "are not answered" "in a timely fashion", FRT's complaint will be dismissed with prejudice. *See*, Transcript of Hearing, Doc. No. 24, p.4.ll.18 -21, p.6.l.5., p.6.ll.10-14. Nowhere in the Transcript does it state that FRT's complaint will be dismissed if he did not physically receive the answers to the interrogatories by April 25, 2014.

It is undisputed that the answers to the interrogatories sent by Mr. Avolio to FRT were dated and completed by Thomas Przybyla, AVP of AMS Servicing, presumably the current servicer of the mortgage on April 24, 2014.[2] However, they were not received by Mr. Avolio

---

[2] *See* Doc No. 25, exhibit D to defendant's 5/19/14 brief in support.

until April 28, 2014 and on that same day, Mr. Avolio filed his motion to dismiss the adversary proceeding complaint. In his motion, Mr. Avolio avers, and Zucker Goldberg does not deny, that Zucker Goldberg created a UPS label for the package on April 24th, sent the package via UPS[3] late on April 25th (a Friday), and the package was delivered to Mr. Avolio's building on April 28th (the next business day). Thus, Mr. Avolio argues that in strict conformity with the March 28 Order, the complaint should be dismissed with prejudice. In addition, Mr. Avolio also complains that the answers to the interrogatories were deficient, providing another ground for dismissing the complaint. On May 19, 2014, only eight days before the original return date for the hearing on the motion to dismiss, Mr. Avolio filed his brief in support of his motion to dismiss which included his specific allegations as to why the interrogatories were deficient. *See* Doc. No. 25.

On May 20, 2014, FRT filed a brief in opposition to the motion to dismiss and a cross-motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011. FRT alleges that Mr. Avolio improperly filed his motion, as the return of the interrogatories was timely, and, regarding the substance of the answers, without first attempting in good faith to obtain additional information from it, as required by Federal Rule of Civil Procedure 37.

A hearing was held on the parties' motions on June 3, 2014, with the court taking the matter under advisement.

## II. Conclusions of Law

1. **Mr. Avolio's Motion to Dismiss**

First, Mr. Avolio contends that FRT failed to comply with the March 28 Order in that service of the answered interrogatories was untimely. Federal Rule of Bankruptcy Procedure 7033

---

[3] It is undisputed that FRT and Mr. Avolio have served each other throughout this matter through substituted means of service such as email. Counsel to FRT stated that the answers to the interrogatories were sent by UPS this time because they were too voluminous to send by email.

incorporates Federal Rule of Civil Procedure 33 into adversary proceedings. Rule 33 permits a party to serve interrogatories on any other party. Fed. R. Civ. P. 33(a)(1). The served party must serve its answers and any objections within 30 days of being served with the interrogatories, or within some other time as stipulated or ordered by the court. Fed. R. Civ. P. 33(b)(2). Here the time was ordered by the court.

As for when responses must be received, Federal Rule of Bankruptcy Procedure 7005 incorporates Federal Rule of Civil Procedure 5 in adversary proceedings. Rule 5(a)(1)(C) provides for service on a party of discovery papers. Service may be made, <u>inter alia</u> by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C). When making service by mail, "service is complete upon mailing." *Id.* So long as the last known address is used, failure of the party to receive papers is not relevant to whether due process was served. *See Moskovitz v. La Suisse*, 2013 WL 6197163, at *3 (S.D.N.Y. Nov. 25, 2013). Service is deemed complete at the instant the documents are placed into the hands of the United States Post Office or a Post Office Box." 5 Moore's Federal Practice, § 5.04[2][a][ii] (citing *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988)). *See also Faile v. Upjohn Co.*, 988 F.2d 985, 987 (9th Cir. 1993) (holding that lower court erred in deciding that discovery responses had to be *received* by deadline), *overruled on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999); *Prudential Ins. Co. of America v. Christ*, 2008 WL 2510719, at *2 (D.N.J. June 19, 2008); 10 Collier on Bankruptcy, ¶ 7005.03 (Matthew Bender 16th Ed.) ("Moreover, mailing, rather than receipt, is the event which is determinative of whether service is made within the proper time.").

FRT's attorneys used UPS rather than the United States Postal Service. Courts are not in agreement whether service by "mail" includes private delivery services. *Compare United States. v Certain Real Property and Premises Known as 63-29 Trimble Road*, 812 F. Supp. 332, 334

incorporates Federal Rule of Civil Procedure 33 into adversary proceedings. Rule 33 permits a party to serve interrogatories on any other party. Fed. R. Civ. P. 33(a)(1). The served party must serve its answers and any objections within 30 days of being served with the interrogatories, or within some other time as stipulated or ordered by the court. Fed. R. Civ. P. 33(b)(2). Here the time was ordered by the court.

As for when responses must be received, Federal Rule of Bankruptcy Procedure 7005 incorporates Federal Rule of Civil Procedure 5 in adversary proceedings. Rule 5(a)(1)(C) provides for service on a party of discovery papers. Service may be made, <u>inter alia</u> by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C). When making service by mail, "service is complete upon mailing." *Id.* So long as the last known address is used, failure of the party to receive papers is not relevant to whether due process was served. *See Moskovitz v. La Suisse*, 2013 WL 6197163, at *3 (S.D.N.Y. Nov. 25, 2013). Service is deemed complete at the instant the documents are placed into the hands of the United States Post Office or a Post Office Box." 5 Moore's Federal Practice, § 5.04[2][a][ii] (citing *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988)). *See also Faile v. Upjohn Co.*, 988 F.2d 985, 987 (9th Cir. 1993) (holding that lower court erred in deciding that discovery responses had to be *received* by deadline), *overruled on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999); *Prudential Ins. Co. of America v. Christ*, 2008 WL 2510719, at *2 (D.N.J. June 19, 2008); 10 Collier on Bankruptcy, ¶ 7005.03 (Matthew Bender 16th Ed.) ("Moreover, mailing, rather than receipt, is the event which is determinative of whether service is made within the proper time.").

FRT's attorneys used UPS rather than the United States Postal Service. Courts are not in agreement whether service by "mail" includes private delivery services. *Compare United States. v Certain Real Property and Premises Known as 63-29 Trimble Road*, 812 F. Supp. 332, 334

incorporates Federal Rule of Civil Procedure 33 into adversary proceedings. Rule 33 permits a party to serve interrogatories on any other party. Fed. R. Civ. P. 33(a)(1). The served party must serve its answers and any objections within 30 days of being served with the interrogatories, or within some other time as stipulated or ordered by the court. Fed. R. Civ. P. 33(b)(2). Here the time was ordered by the court.

As for when responses must be received, Federal Rule of Bankruptcy Procedure 7005 incorporates Federal Rule of Civil Procedure 5 in adversary proceedings. Rule 5(a)(1)(C) provides for service on a party of discovery papers. Service may be made, <u>inter alia</u> by "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(C). When making service by mail, "service is complete upon mailing." *Id.* So long as the last known address is used, failure of the party to receive papers is not relevant to whether due process was served. *See Moskovitz v. La Suisse*, 2013 WL 6197163, at *3 (S.D.N.Y. Nov. 25, 2013). Service is deemed complete at the instant the documents are placed into the hands of the United States Post Office or a Post Office Box." 5 Moore's Federal Practice, § 5.04[2][a][ii] (citing *Rivera v. M/T Fossarina*, 840 F.2d 152, 155 (1st Cir. 1988)). *See also Faile v. Upjohn Co.*, 988 F.2d 985, 987 (9th Cir. 1993) (holding that lower court erred in deciding that discovery responses had to be *received* by deadline), *overruled on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999); *Prudential Ins. Co. of America v. Christ*, 2008 WL 2510719, at *2 (D.N.J. June 19, 2008); 10 Collier on Bankruptcy, ¶ 7005.03 (Matthew Bender 16th Ed.) ("Moreover, mailing, rather than receipt, is the event which is determinative of whether service is made within the proper time.").

FRT's attorneys used UPS rather than the United States Postal Service. Courts are not in agreement whether service by "mail" includes private delivery services. *Compare United States. v Certain Real Property and Premises Known as 63-29 Trimble Road*, 812 F. Supp. 332, 334

(E.D.N.Y. 1992) (holding that while Civil Rule 4 may require service by first class mail, postage prepaid, Civil Rule 5 does not, therefore service by Federal Express is valid); *Edmond v. United States Postal Serv.*, 727 F. Supp. 7, 11 (D.D.C. 1989) (same), *aff'd in part and rev'd in part on other grnds*, 949 F.2d 415 (D.C. Cir. 1991); with *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1430-31 (9th Cir. 1996) (holding that Rule 5, having been adopted in 1937, certainly meant only service by the United States Postal Service). *See also Rosiere v. U.S. S.E.C.*, 2010 WL 489526, at *4 (D. Nev. Feb. 5, 2010) (following *Magnuson*).

The Third Circuit has not entered the debate, *see United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 214 n.11 (3d Cir. 2000) (recognizing split and declining to decide whether service by overnight courier satisfies the requirement of service by mail), and this court found only one decision within the circuit discussing the issue, but in connection with Federal Rule of Bankruptcy Procedure 7004 regarding service of a summons and complaint rather than Bankruptcy Rule 7005 and Civil Rule 5. *See In re Diloreto*, 2008 WL 141922 at *4 (Bankr. E.D. Pa. Jan. 11, 2008) (following *Magnuson* conclusion regarding Civil Rule 4 in holding that service of an involuntary petition under Rule 7004 was not effective when sent by Federal Express). Bankruptcy Rule 7004(b) expressly specifies service "by first class mail postage prepaid," while Civil Rule 5, applicable here, speaks only of "mailing." In this instance, I find that the use of UPS satisfies the requirement of service by mail as required by Rule 5 because Mr. Avolio has accepted substituted forms of service in the past.

While the language of the March 28 Order clearly states "[t]he deadline to answer those interrogatories is April 25, 2014" what is not clear is whether Judge Wizmur intended Mr. Avolio to receive the answered interrogatories on April 25th or that FRT serve them on April 25th. Both the March 28 Order and the Transcript only require that the interrogatories be

answered in a timely fashion. The Transcript is devoid of any statement by Judge Wizmur that the answers must be in Mr. Avolio's possession by April 25th. Moreover, the March 28 Order further provides "If the answers are not timely provided, the complaint for the Adversary Proceeding No. 13-1479 will be dismissed with prejudice." The phrase "not timely provided" is important here. Rule 5, as explained above, would allow for the answers to the interrogatories to arrive after April 25th, as service would be complete upon mailing on the 25th.

Mr. Avolio seeks dismissal of this Adversary Proceeding for failing to timely deliver interrogatory responses, a sanction set forth in the March 28 Order. Generally, the sanction is a proper one under Federal Rule of Civil Procedure 37, however, considering that the March 28 Order could be construed to mean that April 25 was the deadline for service, rather than receipt, of the discovery materials, I decline to dismiss this Adversary Proceeding on this ground. Further, with the law unsettled as to the propriety of private delivery services over United States Postal Mail, understanding service to be complete on April 25th was reasonable. Consequently, under the facts presented, the answers to the interrogatories were provided in a timely fashion consistent with Rule 5 and as such, dismissal of the adversary proceeding is not warranted.

Even if we ignore the application of Rule 5 as set forth above and determine that Mr. Avolio was supposed to receive the responses on April 25th, then FRT's opposition to Mr. Avolio's motion could be considered a motion for relief from the March 28 Order setting April 25th as the receipt date. Federal Rule of Civil Procedure 60, incorporated into cases under title 11 by Federal Rule of Bankruptcy Procedure 9024, provides grounds justifying relief from an order. These include mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Alternatively, FRT's motion could be construed as a motion to enlarge the time to deliver the interrogatory responses, pursuant to Federal Rule of Bankruptcy Procedure 9006,

"where the failure to act was the result of excusable neglect." *See* Fed. R. Bankr. P. 9006(b)(1). In other words, FRT either may have mistakenly believed that the deadline set for answering the discovery request was also the deadline for serving the responses, or may have acted negligently in not ensuring that the UPS package would be delivered on April 25th.

The Supreme Court discussed Rule 9006's excusable neglect provision:

> At one end of the spectrum, a party may be prevented from complying by forces beyond its control, such as by an act of God or unforeseeable human intervention. At the other, a party simply may choose to flout a deadline. In between lie cases where a party may *choose* to miss a deadline although for a very good reason, such as to render first aid to an accident victim discovered on the way to the courthouse, as well as cases where a party misses a deadline through inadvertence, miscalculation, or negligence. . . .
>
> First, the Rule [9006] grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to *esp[ecially] through carelessness*." Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 387-88 (1993).

A court should then consider

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs.*, 507 U.S. at 395.

As to Mr. Avolio's second contention that the answers to the interrogatories were incomplete warranting a dismissal of this Adversary Proceeding, this argument must also fail. Federal Rule of Civil Procedure 37, incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7037, provides, *inter alia*, that when a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The rule also provides that, "[f]or purposes of [a motion for

an order compelling disclosure or discovery], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). These orders include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). A party failing to disclose information may be similarly sanctioned. Fed. R. Civ. P. 37(c)(1)(C).

Having reviewed FRT's response to the interrogatories, I find that response was not incomplete; certainly not to the extent of deeming it completely unresponsive for purposes of Rule 37(a)(4). As for the quality of the response, I reviewed the interrogatories and initially I do not find the answers deficient. Mr. Avolio asked many questions that would not be in the knowledge of the plaintiff. Moreover, any deficiency was not to the extent that supports deeming the answers wholly unresponsive. Finally, there is no evidence that Mr. Avolio has attempted in good faith to remedy his concerns as required by Rule 37(a). Certainly his response setting forth his specific objections 8 days prior to the hearing on the Motion to Dismiss does not satisfy this Rule. Accordingly, this Adversary Proceeding should not dismissed on the ground that FRT failed to respond especially where FRT has not been given an adequate opportunity to respond to Mr. Avolio's specific objections to the answers to the interrogatories. The prejudice to FRT would be great in ordering such a harsh sanction.

I am also cognizant of the fact that the Third Circuit Court of Appeals cautions that dismissal of an adversary proceeding with prejudice for Rule 37 violations is a harsh sanction, especially when the failure is the fault of the plaintiff's attorney rather than the plaintiff. *See Poulis v. State Farm Fire and Casulaty Co.*, 747 F.2d 863 (3d Cir. 1984). The *Poulis* court set forth six factors for consideration before ordering dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) whether the

conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Id.* at 868. "Dismissal must be a sanction of last, not first, resort." *Id.*, 747 F.2d at 869. Dismissal is not appropriate unless the failure to respond is due to such factors as willful disobedience, gross indifference to the rights of the adverse party, deliberate callousness, gross negligence, or some fault of the noncomplying party." *Grant v. Clairol, Inc.*, 113 F.R.D. 574, 577 (E.D. Pa. 1986) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640 (1976); *Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 675 F.2d 77, 80 (3d Cir. 1982)).

First, this proceeding should not be dismissed where the responsibility for service was on the plaintiff's attorneys. It was not contested that Mr. Przybyla completed the interrogatories on April 24, 2014, thus the client did not delay response. *See Bowers v. National Collegiate Athletic Ass'n*, 564 F.Supp. 2d 322, 334 (D.N.J. 2008) (plaintiff not responsible for her attorneys' negligence). I also appreciate that there is a history of dilatoriness in this proceeding, a history that likely prompted Judge Wizmur to warn FRT that further dilatory conduct could result in the sanction of dismissal, but considering that the March 28 Order did not specify that the responses had to be "served" by a certain date, only "answered," I cannot find that sending the responses on April 25th exhibited bad faith by FRT or its attorneys. *See E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1357 (11th Cir. 1982) (excusing failure to produce certain exhibits where interpretation of discovery order was not "wholly unreasonable."). Civil Rule 5 provides that service is complete upon mailing, and, considering that the law here is unsettled, a good faith interpretation of that rule could include service by UPS. Even if Judge Wizmur intended that the responses be received by Mr. Avolio on April 25th, that they were received one business day late does not support a sanction as extreme as dismissal. *See Jimena v. UBS AG Bank*, 2010 WL

4008137 (E.D. Cal. Oct. 12, 2010) (declining to sanction party for responding to discovery requests one day late as party attempted in good faith to timely respond). Having admittedly received the responses on April 28th, the prejudice to Mr. Avolio is slight to none whereas the prejudice to FRT would be extreme.

Alternatively, the service deadline could be extended to April 28, 2014 by reason of mistake or excusable neglect. The March 28 Order does not specify that service be completed on April 25th, thus if that was the intention, Zucker Goldberg's mistake in interpretation is reasonable. If Zucker Goldberg believed that Mr. Avolio was supposed to receive the interrogatories on April 25th, but failed to accomplish that by neglect, I hold that the neglect is excusable. The delay was only one business day, and the impact on the judicial proceedings was negligible. Accordingly, I will deny Mr. Avolio's motion to dismiss the adversary proceeding based upon incomplete responses.

## 2. FRT's Motion for Sanctions

FRT also seeks sanctions against Mr. Avolio pursuant to Federal Rule of Bankruptcy Procedure 9011 for filing a frivolous motion for sanctions, and, in complaining about the quality of the answers to the interrogatories, for failing to comply with the provisions of Federal Rule of Civil Procedure 37.

Rule 9011 provides, in relevant part, that by presenting a paper to the court, a party "is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances"—(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and] (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of

existing law or the establishment of new law[.]" The rule requires that the party serve a sanctions motion in the manner provided by Bankruptcy Rule 7004, and that no motion for sanctions be filed or presented to the court "unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn or appropriately corrected[.] Fed. R. Bankr. P. 9011(c). Thus Rule 9011 provides a "safe harbor" provision. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008).

FRT also contends that Mr. Avolio failed to comply with Civil Rule 37's safe harbor provision, that is, that a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. (a)(1). It alleges this in connection with Mr. Avolio's request that the complaint be dismissed for failure to respond to the interrogatories, claiming that the received responses were incomplete.

As for FRT's cross motion for sanctions, I will deny that also. Just as I gave FRT the benefit of the doubt on the interpretation of the March 28 Order, I will extend that benefit to Mr. Avolio. He reasonably believed that he was to receive the interrogatory responses on April 25th and therefore his filing a motion to dismiss in accordance with the March 28 Order was not frivolous.

As for compliance with Rule 37's safe harbor provision, I note that by filing its sanctions motion without providing Mr. Avolio with the 21-day safe harbor mandated by Rule 9011, FRT violated that Rule's safe harbor provision. *See* Fed. R. Bankr. P. 9011(c)(1)(A). More importantly, FRT misconstrues Mr. Avolio's complaint about the responses. This was not a motion for more definite answers, which would require compliance with the safe harbor

provision; rather, the allegation supported his request for dismissal of the adversary proceeding for a failure to respond. I have already stated that the answers were responsive thus I will not treat the responses as a failure to disclose. Accordingly, I will deny FRT's cross-motion for sanctions also.

### 3. Request for More Complete Answers

Notwithstanding the foregoing, in his brief in support if his motion to dismiss, doc. no. 25, Mr. Avolio lists his specific objections to the answers provided by FRT to his interrogatories. The court will treat the brief as a separate motion for more complete answers under Federal Rule of Civil Procedure 37 and instruct that the parties confer in good faith to resolve the objections raised by Mr. Avolio. Should the parties be unable to resolve the objections, then FRT shall, by June 30, 2014, file with the court its responses to the objections and **deliver** same to Mr. Avolio on that same day (delivered to Mr. Avolio at his address or some other means acceptable to the parties). Mr. Avolio will have until July7, 2014 to file any response to FRT's responses. There is a status conference currently scheduled for July 15, 2014 at 2:00 p.m., at which time the matter will be heard if necessary and strict deadlines will be put in place with regard to remaining discovery, motion and trial deadlines which will all have to be extended. Appearances will be required by all interested parties including counsel for Gibraltar.

An order in conformity with the above will be entered.

6/10/14